Fingal E. **JOHNSON**, Plaintiff–Appellant,

v.

William **OVERTON**, MDOC Director, et al., Defendants–Appellees.

No. 02–1867.

United States Court of Appeals, Sixth Circuit.

Jan. 16, 2003.

Before MARTIN, Chief Judge; MERRITT and LAY,* Circuit Judges.

*ORDER*

Pro se Michigan prisoner Fingal E. Johnson appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit. The case has been referred to this panel

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Claiming multiple constitutional violations, Johnson sued several employees of the Michigan Department of Corrections. The factual underpinning of the suit is this: Johnson lost his job in the prison library after his internecine relationship with a staff librarian came to the warden's attention. Apparently, Johnson and the librarian had a running dispute concerning Johnson's right to unfettered use of the copier, and Johnson chose to up the ante by filing a choleric complaint with the warden that focused on Johnson's assessment of the librarian's intelligence. Johnson also alleged that his subsequent reclassification from the library to the yard crew was unfair because it hurts his feet to shovel snow or mow grass.

In an exhaustive, eleven-page opinion, the district court: dismissed Johnson's claims against defendant Visser as unexhausted, dismissed his claims against defendant Overton for lack of personal involvement, determined that Johnson's retaliation claim lacked a factual basis in the light of Johnson's own pleadings, and declined to exercise jurisdiction over Johnson's state claims of ethnic intimidation.

Upon review, we conclude that the district court properly dismissed Johnson's claims. Because the district court articulated specific reasons for its decision, the issuance of a detailed written opinion would serve no useful purpose.

Accordingly, we affirm the district court's judgment for the reasons stated by that court in the opinion dated June 14, 2002. Rule 34(j)(2)(C), Rules of the Sixth Circuit.